UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS HOWELL, et al., : | |
| Plaintiffs, : | Civ. No. 16-2603 (KM) (JBC) |
| v. : | |
| ROBERT LOUGY, et al., : | OPINION |
| Defendants. : | |

**KEVIN MCNULTY, U.S.D.J.**

## I.    INTRODUCTION

The plaintiffs, Curtis Howell, Jessie J. Pinckney, Anthony T. Dixon, Andre Barnes, and Jhon Sanchez, are civilly committed persons.[1] They are proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiffs Howell, Pickney and Dixon have filed applications to proceed *in forma pauperis*. Those applications will be granted and the Clerk will be ordered to file the complaint.[2]

At this time, this Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. Additionally, Mr. Howell has also separately and individually filed a proposed amended complaint as well as an application for class certification. For the following reasons, the proposed amended complaint will not be screened, and this Court will dismiss the

---

[1] It appears that Mr. Howell is no longer in civil commitment.

[2] Barnes and Sanchez failed to file an application to proceed *in forma pauperis*. However, for the reasons discussed *infra*, even if this Court were to consider the allegations they raise in the complaint as it relates to them, they also each fail to state a claim upon which relief may be granted.

original complaint without prejudice for failure to state a claim. The request for class certification will also be denied.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. The complaint names the following defendants: (1) Robert Lougy – Attorney General of the State of New Jersey; (2) Tiny Spagnuola – Director of the Special Treatment Unit ("STU"); (3) Department of Corrections; and (4) Department of Human Services.

The claims arise from the plaintiffs' civil commitment. Each plaintiff alleges that he were not given a hearing within twenty days of his civil confinement, a violation of due process standards. Additionally, Mr. Howell, Mr. Dixon, and Mr. Barnes assert that they did not have competent counsel at their civil commitment hearings. Mr. Pickney alleges that the Judge who presided over his civil commitment hearing had a conflict of interest because he had previously presided over Pinckney's trial. Finally, Mr. Sanchez states that his civil commitment constitutes an Eighth Amendment violation because his predicate offense occurred when he was a juvenile. The plaintiffs seek monetary compensation.

Each of the five plaintiffs signed the original complaint. Thereafter, however, Mr. Howell filed an amended complaint. The amended complaint, signed only by Howell, seeks to add Robert L. Taylor – Prosecutor Cape May County as a defendant. The amended complaint asserts that the Cape May Prosecutor's Office arrested Mr. Howell and confined him to a psychiatric facility. This allegedly caused Mr. Howell to lose personal property and monetary deposits. Mr. Howell also individually filed a request for class certification.

### III. LEGAL STANDARDS

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The relevant statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to

3

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

### A. Amended Complaint

All five plaintiffs signed the original complaint. However, only Mr. Howell signed the amended complaint. A federal action proceeds on one complaint at a time. Where multiple plaintiffs sue, any amended complaint must be signed by all of the plaintiffs. *See* FED. R. CIV. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."); *see also Am.'s Home Retention Servs. v. Castle, Stawiarski, LLC*, No. 12-1385, 2012 WL 2675264, at *2 (D. Colo. July 6, 2012) ("The

4

Amended complaint must be signed by all Plaintiffs."). Because this amended complaint is not signed by all of the plaintiffs, it will not be accepted for filing. Instead, this Court will screen the original complaint, signed by all five plaintiffs.

B. Original Complaint

The original complaint seeks monetary damages from the defendants based upon their civil commitment proceedings. The plaintiffs claim that their due process rights were violated because they did not receive timely civil commitment hearings; some of them claim they received ineffective assistance of counsel at their civil commitment hearings; and Mr. Sanchez claims that his civil commitment violates the Eighth Amendment because it is based upon a juvenile conviction.

A claim for damages puts the cart before the horse. To be sure, a prisoner may sue for damages on the basis of an unlawful criminal conviction or civil commitment. But first that conviction or civil commitment must be overturned—*i.e.,* found to be invalid. I have previously explained why such claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), as follows:

> Under the *Heck* doctrine, no civil claim that attacks the basis of a criminal conviction can be brought unless and until the conviction itself is successfully attacked. A convicted defendant cannot, for example, sue the government witnesses on the theory that they lied, or sue the police for seizing the evidence on which the conviction was based. Thus *Heck* has often been applied to cut off claims of persons who seek, in effect, to relitigate the merits of currently valid convictions via a civil suit[.]

*Pittman v. Metuchen Police Dep't*, No. 12-02044, 2016 WL 1122671, at *5 (D.N.J. Mar. 22, 2016). The *Heck* doctrine also applies to plaintiffs who are challenging their involuntary civil commitments. *See Banda v. Adams*, No. 16-1582, 2017 WL 76943, at *2 (3d Cir. Jan. 9, 2017)

(citing *Preiser v. Rodriguez*, 411 U.S. 477, 500 (1994); *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975)).

The claimed injury here is essentially an invalid civil commitment. These violations, it is alleged, violated plaintiffs' "right to remain free." (Cplt., Statement of Claim ¶ 3) A favorable outcome in this litigation would necessarily imply the invalidity of the plaintiffs' confinement as civilly committed persons. The *Heck* bar therefore applies. The plaintiffs cannot maintain claims for damages based on a civil commitment unless and until that commitment is found invalid. The complaint does not allege that any plaintiff's civil commitment has been vacated or overturned, either by a challenge within the State system or via federal habeas corpus.

Mr. Howell is no longer in custody at STU. Mere completion of a term of confinement, however, does not qualify as a "favorable termination" under *Heck*. Thus the Third Circuit has applied *Heck* to bar damages claims where the prisoner is no longer in custody. *See Deemer v. Beard*, 557 F. App'x 162, 163-167 (3d Cir. Feb. 27, 2014); *see also Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006) (*Heck*'s favorable termination rule must apply to defendants who are no longer in custody absent clear contrary direction from the Supreme Court). Therefore, plaintiffs' claims will be dismissed without prejudice as they are barred by *Heck*. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (collecting cases that state that dismissal of claims based on *Heck* should be without prejudice).

C. <u>Request for Class Certification</u>

Finally, this Court notes that Mr. Howell has filed an application for class certification. However, as the complaint is being dismissed without prejudice as it is barred by *Heck*, the request for class certification also will be denied.

6

## V. CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted, as it is barred by *Heck*. Mr. Howell's application to amend the complaint will be denied, as will the application for class certification. An appropriate order will be entered.

DATED: January 17, 2017

KEVIN MCNULTY
United States District Judge